IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW HOWELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 06 C 50052 |
| WILLIAM JOFFE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Howell ("Howell") has brought a motion to reconsider my ruling of October 18, 2006, that denied his motion to remand this case back to state court. For the following reasons, I deny his motion to reconsider.

I.

Howell, a resident of Colorado, originally brought his complaint against defendants William Joffe ("Joffe"), Monsignor James McLoughlin, Monsignor David Kagan, Saint Mary Catholic Church, Saint Mary School, the Catholic Diocese of Rockford, Ellen Lynch ("Lynch"), and Hinshaw & Culbertson, LLP ("Hinshaw"), in the Circuit Court of Cook County, Illinois. Howell served Hinshaw and Lynch on February 14 and 15, 2006. On March 16, 2006, Hinshaw and Lynch filed a notice of removal seeking to remove the action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Western Division. In their notice of removal, Hinshaw and Lynch stated that Howell was

a citizen and resident of Colorado, but that "[n]one of the defendants in this matter are citizens or residents of Colorado." The notice of removal further stated that Hinshaw was headquartered in Illinois and that, although Hinshaw had attorneys practicing out of offices in several states, and had a small clerical office in Colorado, "[n]one of the limited liability or general partners of Hinshaw and Culbertson LLP are citizens of Colorado." At this time, Howell had not served Joffe.

This case was subsequently assigned to Judge Reinhard in the Western Division. On March 24, 2006, Judge Reinhard issued an order stating, in part:

> Defendants have failed to properly allege citizenship. Hinshaw & Culbertson LLP has no citizenship but is a citizen of every state of which one of it's [sic] partners is a citizen. The identity and citizenship of each partner must be pled. See Hicklin L.C. v. Bartell, 439 F.3d 346 (7th Cir. 2006). Defendants shall file amended jurisdictional allegations on or before 4/21/2006.

Howell v. Joffe, No. 06 C 50052 (N.D. Ill. Mar. 24, 2006). On April 5, 2006, Howell served Joffe. On April 14, 2006, within the time specified by Judge Reinhard for the filing of amended jurisdictional allegations, Hinshaw and Lynch filed an "Amended Notice of Removal" which was substantially similar to their earlier-filed notice of removal. The amended notice also included, however, an affidavit from Anne Connor, Director of Human Resources & Administration for Hinshaw. Connor attached to her affidavit a

2

spreadsheet indicating the identities and citizenship of all partners of Hinshaw. Connor stated in her affidavit that this spreadsheet was "true and accurate to the best of [her] knowledge." It further stated that no partner of Hinshaw was a resident or citizen of Colorado. The same day that Hinshaw and Lynch filed their amended notice, the remaining defendants except for Joffe filed a motion to join Hinshaw and Lynch's amended notice of removal. Neither Hinshaw and Lynch's amended notice nor the other defendants' motion to join explained why Joffe had not joined in the amended notice.

The parties subsequently made other filings related to the removal, as well as filings related to the dismissal of certain claims, before Judge Reinhard and the magistrate judge. On May 10, 2006, plaintiff filed a motion to remand this case back to state court. However, on June 23, 2006, before the motion to remand was decided, Judge Reinhard issued an order transferring this case to the Eastern Division of the Northern District of Illinois. *Howell v. Joffe*, No. 06 C 50052 (N.D. Ill. June 23, 2006). In the order, Judge Reinhard stated that under the removal statute, 28 U.S.C. § 1441 (2006), because Howell originally filed his complaint in the Circuit Court of Cook County, defendants should have removed the case to the Eastern Division. *Id.* The case was subsequently transferred to the Eastern Division, and was assigned to me. On October 18, 2006, I issued a ruling denying plaintiff's motion to

remand. Shortly thereafter, plaintiff filed the present motion to reconsider that ruling.

II.

The removal of actions from state court to federal court is governed, in part, by 28 U.S.C. §§ 1441 and 1446. Section 1441 provides that actions removable under diversity of citizenship jurisdiction are removable only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).[1] Under § 1446, a party seeking to remove an action must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A notice of removal may be filed within thirty days after the defendant receives a copy of the pleading, motion, order, or other paper from which the defendant can first ascertain that the case is removable. 28 U.S.C. § 1446(b). In addition, removal is only proper if all defendants who have been served at the time the removal petition is filed consent to the removal, and a petition is considered defective if it does

---

[1] Plaintiff could have asserted this ground as a basis for his motion to remand, but did not do so. Defendant Lynch, who was served at the time Lynch and Hinshaw filed their notice of removal, is a citizen of Illinois. However, throughout multiple rounds of briefing plaintiff has never raised this point, and plaintiff has now waived this argument. See Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule of § 1441(b) is nonjurisdictional and can be waived if not raised by plaintiff because to do otherwise "would be to preserve for plaintiffs rights that the plaintiffs themselves failed to assert").

4

not explain why other defendants have not consented to removal. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368-69 (7th Cir. 1993) (internal citations omitted). However, amendments to correct defective petitions for removal may be allowed after the thirty-day time period has run if the defect in the petition is curable. *Id.* at 369 (internal citations omitted).

### III.

Plaintiff's motion to reconsider relies on a flawed analysis of defendants' efforts to remove and argues that, under this analysis, defendants have not met the requirements of § 1446. Plaintiff argues that Hinshaw and Lynch's amended notice of removal superceded their initial notice, and as such must independently meet the requirements for removal. Based on this interpretation, plaintiff contends that Hinshaw and Lynch's amended notice of removal was untimely because it provided new allegations to support removal after the thirty-day time period for removal under § 1446(b). Even setting aside the timeliness issue, plaintiff contends that the amended notice of removal is defective because it does not explain why Joffe failed to join in the petition for removal, as required since he was served prior to the filing of the amended notice. *See Shaw*, 994 F.2d at 369. In addition, plaintiff argues that defendants' notice of removal was defective because it was filed in the Western Division and not the Eastern Division of the Northern District of Illinois, and that defendants have not met

their burden of proof in establishing the diversity of citizenship of the parties. Plaintiff is incorrect that defendants' amended notice superceded their original notice of removal, and plaintiff's other arguments likewise fail.

There is no basis to conclude that defendants' amended notice of removal superceded their initial notice. The only case plaintiff cites for this proposition, *Nisbet v. Van Tuyl*, 224 F.2d 66 (7th Cir. 1966), holds that allegations contained in an amended complaint supercede allegations contained in the original complaint; the opinion generally asserted that "[a]n amended pleading ordinarily supersedes the prior pleading." *See id.* at 71. As defendants note, Judge Reinhard did not strike Hinshaw and Lynch's original notice of removal, and Hinshaw and Lynch did not withdraw it. Judge Reinhard also did not order Hinshaw and Lynch to file an amended notice of removal, but rather to file "amended jurisdictional allegations." In their amended notice of removal, Hinshaw and Lynch specifically state that the amended notice was filed to comply with Judge Reinhard's order, and specifically reference their original notice of removal. There is no basis to conclude that Hinshaw and Lynch's amended notice superceded its initial notice. Hinshaw and Lynch's amended notice was filed to cure the defects that Judge Reinhard found in their initial notice.

Plaintiff's other arguments are similarly without merit. Plaintiff argues that defendants' amended notice of removal

6

provides new allegations to support removal after the statutorily-allowed time period for such allegations under § 1446(b). This argument misinterprets Judge Reinhard's order, however. Judge Reinhard found that the original notice of removal failed to plead the identity and citizenship of each partner of Hinshaw as required. The amended notice of removal's inclusion of specific allegations as to the identity and citizenship of each partner of Hinshaw is not a "new" allegation not contained in the original notice of removal because the original notice does allege that "[n]one of the limited liability or general partners of Hinshaw and Culbertson LLP are citizens of Colorado." Judge Reinhard's order required Hinshaw and Lynch to expand upon their general allegation of citizenship to provide a more definite allegation of the citizenship of each Hinshaw partner. As the Seventh Circuit held in *Shaw*, an amendment to correct a curable defect in a removal petition is allowable even though the thirty-day time period has run. *Id.* at 369. Because plaintiff has not contended that a partner of Hinshaw does have Colorado citizenship as would be required to defeat diversity jurisdiction, and because there is no other evidence that this is the case, defendants' failure to specifically allege the citizenship of each party is a curable defect.

Further, plaintiff's argument that the amended notice of removal is defective because it does not explain why Joffe failed

7

to join in the petition for removal is also without merit. Unlike the cases from other circuits cited by plaintiff, the Seventh Circuit has held that the consent of parties not served at the time a petition for removal is filed is not necessary for such a petition. *See id.* at 369. At least two Seventh Circuit opinions indicate that the requirement that a party explain why a defendant has not joined in the petition for removal still applies even if the reason the defendant has not joined is that the defendant has not been served. *See N. Illinois Gas Co. v. Airco Indus. Gases, a Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) (quoting *P.P. Farmers Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968)) ("[W]here the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served."). Here, the parties do not dispute that defendant Joffe was not served at the time Hinshaw and Lynch filed their original petition. Hinshaw and Lynch do not explain this either in their original notice of removal or in their amended notice of removal; their original notice of removal does not explain why the other defendants did not join, either. Under *Shaw*, the question is whether this defect is curable. *See* 994 F.2d at 369. The Seventh Circuit held in *Shaw* that, to determine whether a defect in a petition for removal is curable, a court may consider the record of

state court proceedings. *See id.* (internal citations omitted). As defendants point out, a review of the record of the state court proceedings shows that at the time Hinshaw and Lynch filed their notice of removal, plaintiff had served no other defendant. Therefore, this is a curable defect. At this point, requiring Hinshaw and Lynch to file an additional supplemental notice of removal would serve no purpose since it is clear that Hinshaw and Lynch did not need Joffe to join in their original notice of removal.

Plaintiff's other arguments require little analysis to reject them. Plaintiff argues that defendants' notice of removal was defective because it was filed in the Western Division and not the Eastern Division of the Northern District of Illinois. However, this is a procedural defect that Judge Reinhard corrected by transferring the case to the Eastern Division. *See, e.g., Peterson v. BMI Refractories*, 124 F.3d 1386, 1391-92 (11th Cir. 1997). Plaintiff cites no precedent that this is not the case. In addition, there is no question that defendants have met their burden of proof in establishing diversity. There is no requirement that, to establish the diversity of all parties, a party petitioning for removal must attach an affidavit of citizenship from each party. An affidavit from a party with knowledge, such as the human resources director of a law firm averring the citizenship of the partners of the firm, is sufficient. This is particularly

9

true where, as here, plaintiff does not argue that the affidavit is inaccurate. Plaintiff's argument rests on semantics; Connor stated in her affidavit that "to the best of [her] knowledge," the spreadsheet attached to her affidavit reflected the citizenship of each partner of Hinshaw. Her affidavit also stated that her affidavit was based on "personal knowledge." This is enough to establish Hinshaw and Lynch's burden of proof concerning the diversity of the parties.

IV.

For the above reasons, plaintiff's motion to reconsider my ruling of October 18, 2006 is denied. In addition, certain defendants have filed a motion to transfer this case to the Western Division of the Northern District of Illinois. The parties appeared before me to address this motion on October 31, 2006. For the reasons stated in court on that date, that motion is also denied.

ENTER ORDER:

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: November /, 2006