# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANDREW HOWELL,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )     No. 06 C 50052
                                        )
WILLIAM JOFFE, et al.,                  )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION AND ORDER

On October 23 and October 24, 2006, defendants filed

motions[1] to transfer this case to the Western Division of the

Northern District of Illinois.[2]   I originally heard argument on

_____

[1]Defendants Saint Mary Catholic Church, Saint Mary School, Monsignor James McLoughlin ("McLoughlin"), the Catholic Diocese of Rockford (the "Diocese"), and Monsignor David Kagan ("Kagan") filed one motion, and defendants Ellen Lynch ("Lynch") and Hinshaw & Culbertson, LLP ("Culbertson") filed another motion.   Defendant William Joffe has not yet appeared and so did not participate in the motions to transfer or the present motions to reconsider.

[2]Although this case is still in its early stages, it already has a complicated procedural history.   Plaintiff Andrew Howell ("Howell") originally filed his complaint in the Circuit Court of Cook County, Illinois.   Certain defendants filed a notice of removal to remove this action to the Western Division of the Northern District of Illinois.   The district court ordered the defendants to file amended jurisdictional allegations, which they did.   Howell subsequently filed a motion to remand, but the district court, rather than deciding that motion, issued an order transferring this case to the Eastern Division because it originally should have been removed to that division, and not to the Western Division, under 28 U.S.C. § 1441 (2006).   The case was subsequently assigned to this court.   On October 18, 2006, I denied Howell's motion to remand, and on November 6, 2006, I denied Howell's motion to reconsider that ruling. *Howell v. Joffe*, No. 06 C 50052, 2006 WL 3253641, at *4 (N.D. Ill. Nov. 6, 2006).

these motions in court on October 31, 2006.[3]  On November 6, 2006, I issued a memorandum opinion and order denying the motions to transfer for the reasons stated in court on October 31. *Howell v. Joffe*, No. 06 C 50052, 2006 WL 3253641, at *4 (N.D. Ill. Nov. 6, 2006).  Defendants have now filed motions to reconsider my denial of their motions to transfer.  For the reasons stated below, I deny their motions to reconsider.

I.

Howell's complaint alleges that between 1976 and 1979, when he was a child, Joffe abused him.  Joffe was then associated with the Diocese, Saint Mary Catholic Church and Saint Mary School.[4] Kagan and McLoughlin were also associated with those defendants. The complaint does not allege the location of the abuse; it only alleges that Howell knew Joffe through Saint Mary School and Saint Mary Catholic Church, and that Joffe accompanied Howell's family on vacation and on a trip to a farm.  Howell further alleges that in April of 2004, Kagan contacted him along with Lynch, who is an employee of Hinshaw and who purported to

---

[3]At that hearing I declined to transfer the case, noting that it was within my discretion and stating that "since anyone coming in from Rockford would only have to deal with it if it got to trial, I don't think I'm going to give it up for that reason."

[4]Defendants contend that Saint Mary Catholic Church and Saint Mary School are actually "Saint Mary's Church of Woodstock" and are improperly named in Howell's complaint.

represent the Diocese, and left him a rude and inappropriate voicemail message containing comments about Howell and other purported victims of abuse.

The parties do not dispute that Howell now resides in Colorado and Joffe in Florida. Saint Mary Catholic Church and Saint Mary School are located in Woodstock, Illinois, in McHenry County. McLoughlin resides in Woodstock. Kagan and Lynch reside in Rockford. Both Rockford and Woodstock are located within the boundaries of the Western Division of this district. The court takes judicial notice of the fact that Woodstock is located approximately 40 miles from Rockford and approximately 60 miles from Chicago. Kagan has submitted an affidavit stating that both he and McLoughlin are very busy with around-the-clock religious responsibilities in the communities in which they live. Hinshaw, which is a law firm, has offices in both Chicago and Rockford. Lynch has averred that in April of 2004 she was assigned to Hinshaw's office in Rockford; she is now general counsel for the Diocese and works from the Diocese's headquarters in Rockford.

II.

This court may transfer venue to another district or division for reasons of convenience when it is "in the interest of justice." 28 U.S.C. § 1404(a). The moving party must show that (1) venue is proper in this district; (2) venue is proper in

3

the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). In ruling on a motion to transfer, a district court must consider these statutory factors "in light of all the circumstances of the case." *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (internal citations omitted). Section 1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. *See id.* at 219, n.3. The weighing of the relevant factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648, n.3 (7th Cir. 1998) (internal citation omitted); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). Further, the movant bears the burden of establishing that the transferee forum is clearly more convenient. *Coffey*, 796 F.2d at 219.

Here, the parties do not dispute that venue is proper in both the Western Division and the Eastern Division; the Northern District has no divisional venue requirement so the case

4

originally could have been filed in either venue. The only disputed issues between the parties are whether the Western Division is a more convenient venue for this action and whether transfer would be in the interests of justice. I consider these issues in more detail below.[5]

### III.

In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court. *N. Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995). The factors relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice. *Id.* at 1056. The burden is on the moving party to demonstrate

---

[5]I previously considered whether reasons of convenience justified transfer in the interest of justice, as § 1404(a) requires, in denying defendants' original motions to transfer. However, defendants contend that by not requiring plaintiff to respond to defendants' motions, and by not explaining my decision in more detail, I did not fully consider their motions.

that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

A.   Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (internal citations omitted). Here, Howell's original choice of forum was Cook County, Illinois. His original choice was in state court--defendants initiated the removal to federal court-- but Howell chose to have the case heard in Cook County in the Eastern Division and not in Winnebago County, where Rockford is located. Defendants argue that I should give less deference to Howell's choice of forum because he resides in Colorado and has no connection to the Eastern Division. This is true. Therefore, while Howell's choice of forum is entitled to some deference, it is merely one factor to consider.[6]

_____

[6]In addition, a plaintiff's choice of forum is afforded less deference when another forum has a stronger relationship to the

6

## B. Situs of Material Events

I must also consider the situs of the material events giving rise to Howell's claims. Howell's claims focus on two alleged actions: Joffe's alleged abuse of Howell and the purported voicemail Kagan and Lynch left Howell. Howell has not specified where these alleged actions took place, but he has not provided any evidence that they took place in the Eastern Division. Howell alleges Joffe's abuse took place over several years, so at least some of the alleged abuse likely occurred in the Western Division since Howell alleges that it was at Saint Mary School and Saint Mary Catholic Church in Woodstock that he came to know Joffe. In addition, Howell has not alleged or explained from where Lynch and Kagan left their voicemail for him, but presumably the call to Howell's voicemail was directed toward his residence in Colorado. There is no evidence that any material events took place in the Eastern Division, but some that the Western Division was the situs of at least some of the material events.[7] This factor therefore weighs in favor of transfer.

_____

dispute or when plaintiff's choice of forum has no connection to the material events. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). As discussed with respect to the next factor, it is unclear where the material events at issue here took place.

[7]Some courts have also considered the "relative ease of access to sources of proof" and the "cost of securing witnesses" as factors in the transfer analysis. See, e.g., *Chicago, Rock Island & Pac. R.R. Co.*, 220 F.2d at 303. Here, neither side has explained

## C. Convenience of the Parties

Another factor I must consider is the convenience of the parties. The defendants urge that the Western Division is more convenient for them since they are all located in Rockford or Woodstock. As discussed above, Woodstock is located between Rockford and Chicago. Howell has alleged, and neither party disputes, that he resides in Colorado and that Joffe resides in Florida. Although defendants argue that Howell can travel to Rockford as easily as to Chicago, it is clearly easier for Howell to fly to Chicago.[8] As discussed above, transfer is not appropriate where it would merely shift inconvenience from one party to another. *See, e.g., Medi USA, L.P. v. Jobst Inst., Inc.,* 791 F. Supp. 208, 211 (N.D. Ill. 1992). This factor does not weigh in favor of transfer.

---

what evidence they would be seeking from the other parties or from third parties, and defendants have not articulated what non-party witnesses they will need to compel to attend. Evidence in the control of the Diocese would certainly be located in the Western Division, but evidence in the plaintiff's control may be located elsewhere. Because defendants have not met their burden to articulate what evidence they may be seeking or what non-party witnesses they will need to secure, these factors do not weigh in favor of transfer.

[8]As I stated during the hearing on October 31, the parties will likely only need to be present in court for the trial itself if there should be a trial; the depositions of the parties can take place at any convenient location.

### D. Convenience of the Witnesses

I also consider the convenience of potential witnesses. In assessing inconvenience to potential witnesses, I must look beyond the number of witnesses to be called and examine the nature and quality of the witnesses' testimony with respect to the issues in the case. *Vandeveld*, 877 F. Supp. at 1168. Additionally, the party seeking transfer must clearly specify key witnesses to be called and make a general statement as to their testimony. *Id.* Here, although defendants generally contend that the Western Division is more convenient for witnesses, they have not identified any key witnesses to be called and have not made a statement as to their testimony. In his response to defendants' motions to reconsider, Howell has identified specific witnesses not located in the Western Division for whom travel to the Eastern Division would be more convenient, although he has not provided a sworn affidavit or other evidence other than argument contained in his response. *See, e.g., Midwest Precision Servs. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983) (internal citation omitted). Since it is defendants' burden to show that the Western Division is more convenient for witnesses, and they have presented no evidence that this is the case, this factor weighs against transfer.

## IV.

In addition to considering convenience, I must also consider the interest of justice. Factors relevant to the interest of justice include the transferor and transferee courts' familiarity with the applicable law, and the effect of transfer on the efficient administration of justice. *Coll. Craft Cos.*, 889 F. Supp. at 1056. *See also Schwartz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Ill. 2004). Both divisions of the Northern District are equally familiar with the applicable Illinois law, so the relevant question is the effect of transfer on the efficient administration of justice.

Defendants contend that it is in the interest of justice to transfer this case to the Western Division since the residents of that division have more interest in the outcome. *See, e.g., Cody v. DeKalb Sanitary Dist.*, No. 98 C 6832, 1999 WL 417368, at *3 (N.D. Ill. June 13, 1999) (internal citations omitted). While it is true that the citizens of the Western Division may have more of an interest in the outcome, this does not mean that the interest of justice weighs in favor of transfer. First, at the time the defendants' original motions to transfer were filed, this court had already set a briefing schedule on defendants' motion to dismiss, and had already begun the process of hearing the case. Before defendants' motions to reconsider were filed,

10

this court had already approved a scheduling order and had ruled on other issues, including the defendants' motion to remand. There has been significant delay in this case since it was originally removed from state court. The case was removed in March of 2006 and transferred to this division on June 23, 2006. Defendants did not file their motions to transfer until October 23, 2006. Perhaps this delay made sense given that the parties were waiting on a ruling on Howell's motion to remand, and did file their motions to transfer five or six days after they received that ruling. Still, regardless of the causes for the delay, this case has nevertheless lingered. The parties now have additional outstanding motions before this court. The interests of justice do not support transferring this matter.

V.

On balance, the factors in this case weigh in favor of the case remaining in the Eastern Division. Accordingly, I deny defendants' motions to reconsider.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 26, 2007